J-S05038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CRAIG W. IRVINE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAHNAWAZ M. MATHIAS | : | |
| | : | |
| | : | No. 1076 MDA 2021 |

Appeal from the Order Entered July 21, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2019-SU-003009

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 14, 2022**

Appellant, Shahnawaz M. Mathias, appeals from the July 21, 2021 Order entered in the York County Court of Common Pleas granting the Motion for Judgment on the Pleadings filed by Appellee, Craig W. Irvine, in this ejectment action.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  Appellant's now deceased parents granted him a life estate in the residential real property located at 70 Vista Drive, Red Lion, Windsor Township in York County (the "Property").  Appellant has admitted that he owed $250,283 in unpaid real estate taxes on the Property through 2017.[1]

On June 6, 2019, Appellee successfully purchased the Property at a York County Judicial Tax Sale.  The York County Tax Bureau issued a deed to

---

[1] **See** Emergency Motion for Stay, 6/1/18, at filed at Docket No. 2018-TU-000003.

Appellee and recorded the deed in the Office of Recorder of Deeds for York County.

On August 6, 2019, Appellant filed a timely petition seeking to have the judicial tax sale set aside ("Set Aside Petition") at a separate lower court docket number.[2]  On January 15, 2020, the trial court held a bench trial on Appellant's petition, after which it denied the petition on January 19, 2021. Appellant's appeal from this order is currently pending in the Commonwealth Court.[3]  Appellant did not post a *supersedeas* with the trial court pending disposition of his appeal pursuant to Pa.R.A.P. 1733.

Meanwhile, on October 3, 2019, Appellee filed the instant action seeking to eject Appellant from the Property.

On April 14, 2021, Appellant filed an Answer to the ejectment complaint and New Matter.[4]  In the Answer and New Matter, Appellant asserted that his by-then-pending appeal from the trial court's denial of his Set Aside Petition rendered Appellee without valid title to the Property and that the federal eviction moratorium and federal and or state orders preventing evictions due

---

[2] ***See*** Docket No. 2019-TU-000006.

[3] ***See Shahnawaz M. Mathias v. York County Tax Claim Bureau and Craig W. Irvine***, No. 714 CD 2021.

[4] The almost 18-month delay in filing an Answer and New Matter appears to have been a result of an agreement between the parties to extend the time for Appellant to file an Answer to the Complaint pending the outcome of the proceedings on his Set Aside Petition.

to the COVID-19 pandemic barred Appellee's claims. Answer, 4/14/21, at 3. Appellant also raised a counterclaim for Unjust Enrichment. *Id.* at 4.

Appellee filed a response to Appellant's New Matter and, on April 30, 2021, a Motion for Judgment on the Pleadings. In the Motion, Appellee posited that Appellant had no legal right to possession and that none of the issues raised in Appellant's New Matter or Counterclaim serve as a defense to Appellee's ejectment action. In particular, Appellee asserted that Appellant's appeal from the denial of the Set Aside Petition did not function as an automatic stay to separate proceedings like the instant ejectment action and that Appellant had not applied for a stay or *supersedeas* from the trial court nor posted any appropriate security as required by Pa.R.A.P. 1732-1734.[5] Brief in Support of Motion, 4/30/21, at 5.

Appellee also asserted that Appellant did not qualify as a "covered person" under the federal eviction moratorium and that Appellant failed to plead a *prima facie* claim of unjust enrichment because Appellant did not aver that he himself provided any benefit to Appellee. *Id.* at 6-7.

On June 1, 2021, Appellant filed an Answer and Brief in Opposition to Appellee's Motion for Judgment on the Pleadings in which he asserted that he raised "multiple meritorious defenses" to the Complaint in his New Matter and

---

[5] Appellee noted that because an appeal from an order ordering ejectment is not an order for the payment of money it would only operate as a *supersedeas* if Appellant filed appropriate security with the lower court clerk. *See* Pa.R.A.P. 1731, 1733.

Counterclaim. Brief, 6/1/21, at 3 (unpaginated). Appellant's defenses included: (1) pendency of his appeal from the order denying his Set Aside Petition; (2) the federal eviction moratorium; (3) his alleged retention of a life estate in the Property; and (4) unjust enrichment. *Id.*

On July 21, 2021, the trial court granted Appellee's Motion for Judgment on the Pleadings after concluding that: (1) Appellee is the owner of the Property; (2) no automatic stay or *supersedeas* is active to preclude Appellee from taking possession of it; and (3) "all four of [Appellant's] so-called outstanding facts are instead outstanding legal claims, none of which have any legal basis." Trial Ct. Order, 7/21/21, at 4.

This timely appeal followed.[6] Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) Statement.[7]

Appellant raises the following two issues on appeal:

1. Whether the trial court erred and abused its discretion and/or committed errors of law by granting [Appellee's] Motion for Judgment on the Pleadings where [Appellant] has a pending appeal of the trial court's Order denying his Petition to Set Aside Tax Sale pending with the Commonwealth Court, which if granted, the Tax Sale at which [Appellee] purchased the Property will be set aside and title to the Property revested in [Appellant] voiding [Appellee's] title to the Property in question[?]

2. Whether the trial court erred and abused its discretion and/or committed errors of law by granting [Appellee's] Motion for

---

[6] Appellant requested that the trial court enter a stay pending appeal. On August 6, 2021, the trial court denied Appellant's request.

[7] The trial court did not file a responsive Rule 1925(a) Opinion and instead relied on its July 21, 2021 Order granting judgment on the pleadings.

> Judgment on the Pleadings and in effect, dismissing [Appellant's] claim for unjust enrichment against [Appellee] [?]

Appellant's Brief at 3.[8]

Before we reach the merits of Appellant's issues, we consider whether he has preserved them.

It is well-settled that arguments which are not appropriately developed with citation to legal authority are waived. **See In re Estate of Whitley**, 50 A.3d 203, 209 (Pa. Super. 2012) (reiterating this Court "will not consider the merits of an argument which fails to cite relevant case or statutory authority") (citation omitted). **See also Lackner v. Glosser**, 892 A.2d 21, 29–30 (Pa. Super. 2006). We recently summarized:

> "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). **See** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). When an appellant fails to properly raise and develop issues in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). **See** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). It is not this Court's role to develop an appellant's argument where the brief provides mere cursory legal discussion. **Commonwealth v. Johnson**, [] 985 A.2d 915, 925 (Pa. 2009).

**Kaur v. Singh**, 259 A.3d 505, 511 (Pa. Super. 2021).

---

[8] Appellant has raised two questions for review, but he has included only one section of argument in his Brief. Appellant's failure to divide his argument "into as many parts as there are questions to be argued" in his Argument section violates Pa.R.A.P. 2119(a).

Appellant here claims, without citation to any legal authority in support, that the trial court erred in granting Appellee's motion because "the pending appeal [to the Commonwealth Court from the order denying his Set Aside Petition] is sufficient basis to deny a motion for judgment on the pleadings[.]" Appellant's Brief at 7. He further asserts that, with respect to his unjust enrichment counterclaim, he "validly pled . . . that a benefit was conferred on [Appellee], namely, the value of the Property [] which far exceeds the price paid by [Appellee]." *Id.* at 8-9.

Appellant's conclusory arguments lack citation to and discussion of controlling case law applied to the facts of this case and fail to provide meaningful legal analysis.[9] Accordingly, we find them waived.

_____

[9] We acknowledge that Appellant has included citation to cases pertaining to motions for judgment on the pleadings generally and one unpublished memorandum explaining the elements of an unjust enrichment cause of action. *See* Appellant's Brief at 6-8. This boilerplate case law, however, does not provide us with any legal framework to analyze the claims Appellant has raised in this appeal.

- 6 -

Order affirmed.

President Judge Panella joins the memorandum.

Judge Stabile concurs in result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/2022