J-A13022-21

2021 PA Super 152

| | | |
|---|---|---|
| KULWARN KAUR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANJINDER SINGH | : | |
| | : | |
| Appellant | : | No. 1563 EDA 2020 |

Appeal from the Order Entered July 15, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  No. C0048PF202000089

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.:                    **FILED AUGUST 2, 2021**

Appellant, Manjinder Singh, appeals from the July 15, 2020 Order that granted the Petition for Protection from Abuse Order ("PFA Petition") that Appellee, Kulwarn Kaur, filed against Appellant pursuant to the Protection From Abuse ("PFA") Act, 23 Pa.C.S. §§ 6101-22.  Upon review, we conclude that the Final PFA Order does not place a substantial burden on Appellant's right to freely exercise his religion and, therefore, neither implicates nor violates his right to do so.  Accordingly, we affirm.

Briefly, the procedural and factual history is as follows.  Appellant and Ms. Kaur were married in 2010 and divorced in 2014.  They did not have any children together.  Both are remarried and Ms. Kaur has a three-year old child with her new husband.  On February 2, 2020, an incident occurred between Appellant and Ms. Kaur at the Sikh temple in Nazareth ("Nazareth Temple").

_____

[*] Former Justice specially assigned to the Superior Court.

On February 3, 2020, Ms. Kaur filed a PFA Petition alleging that Appellant appeared at the Nazareth Temple that Ms. Kaur attends and proceeded to threaten Ms. Kaur and her son. PFA Petition, 2/3/20, at ¶ 9. Ms. Kaur further alleged that Appellant was physically abusive during their marriage, that Appellant lived far away from the Nazareth Temple but had been attending for a few months, that a prior PFA Order had recently expired, and that Ms. Kaur had to receive treatment at the hospital for a panic attack after the incident. *Id.* at 10. On the same day, Appellant filed a PFA Petition against Ms. Kaur, which is not a subject of this appeal. Trial Ct. Op., 9/28/20, at 6 n.1.

On February 4, 2020, the court granted Ms. Kaur a Temporary PFA Order. The court proceeded to extend the Temporary PFA Order numerous times due to the COVID-19 judicial emergency.

On July 15, 2020, the court held a hearing to determine whether to grant a Final PFA Order. Ms. Kaur presented testimony from herself, her friend Sarika Johan, her sister Amandeep Kaur, and Nazareth Temple secretary Harcharan Singh. Appellant testified on his own behalf and presented testimony from temple member Gurjit Singh.

In sum, Ms. Kaur testified that on February 2, 2020, Appellant attended the Nazareth Temple that Ms. Kaur attends, and that Appellant threatened her and her son: "[Appellant] comes and tells me that my life is finished and, I will make sure that your life is also miserable, and I will actually try to harm your son as well." N.T. PFA Hearing, 7/15/20, at 12-13, 16. Ms. Kaur testified

- 2 -

that she felt scared and threatened. *Id.* at 12, 13, 15. Ms. Kaur informed the court that she lives a few miles from the Nazareth Temple and has attended that temple since she remarried in 2015. *Id.* at 9. Finally, Ms. Kaur testified that Appellant lives approximately 50 miles away from the Nazareth Temple, and that Appellant's wife attends a different temple. *Id.* at 14.

Ms. Johan testified that on the day in question, she saw Appellant talking to Ms. Kaur, heard him say he was going to do something to Ms. Kaur's son, and observed Ms. Kaur crying and acting scared. *Id.* at 18, 21. Ms. Kaur's sister testified that Appellant physically abused Ms. Kaur during their marriage, and that she observed that Ms. Kaur was upset, scared, and crying after her interaction with Appellant that day. *Id.* at 23, 25. Mr. H. Singh testified that the Nazareth Temple committee asked Appellant to stop coming to the temple in January 2020 after Ms. Kaur had complained multiple times that Appellant threatened to harm her at temple, but Appellant failed to comply with the committee's request. *Id.* at 31-33.

Appellant denied threatening Ms. Kaur at the Nazareth Temple. *Id.* at 36. Appellant testified that on the day in question, five or six individuals— including Ms. Kaur's father, husband, and brother-in-law—approached him at the Nazareth Temple, pulled his hoodie over his head, and pushed him out of the temple and into a vehicle in the parking lot. *Id.* at 37-39. Appellant further testified that Ms. Kaur bit him on the hand and that, because of the altercation, he received medical treatment at St. Luke's Hospital. *Id.* at 40.

Appellant explained that he has attended the Nazareth Temple since 2005 or 2006. *Id.* at 35. Appellant testified that he currently attends both the Nazareth Temple and a temple in Bethlehem, which are both approximately forty-five minutes from his home. *Id.* at 43. Appellant stated that his wife also attends the Nazareth Temple but does not attend on Sundays because of her work schedule. *Id.* at 42. Appellant explained that he attends the Nazareth Temple on Sundays because there is an Indian grocery store nearby where he likes to shop, and some of his coworkers attend that day. *Id.* at 44. Appellant confirmed that the Nazareth Temple committee asked him not to attend temple at that location. *Id.* at 45. Finally, Appellant denied that he was ever abusive during his marriage to Ms. Kaur. *Id.* at 42-43.

Mr. G. Singh testified that on February 2, 2020, he witnessed several men push Appellant into the temple parking lot and physically assault Appellant, prompting Mr. G. Singh to run outside to stop the assault and transport Appellant to the hospital. *Id.* at 49-50. Mr. G. Singh stated that both he and Appellant have been members of the Nazareth Temple since 2005. *Id.* at 47. Mr. G. Singh explained that all three Sikh temples in the area have similar services on Sunday, and that all of the temples have services every day. *Id.* at 51-53.

At the conclusion of the hearing, the trial court granted Ms. Kaur's PFA Petition and issued a Final PFA Order that, *inter alia*, excluded Appellant from

going near Ms. Kaur's residence and excluded Appellant from attending the Nazareth Temple on Sundays when Ms. Kaur was present.[1]

Appellant timely appealed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Does final PFA Order violate [Appellant]'s constitutional rights and unlawfully impede his free exercise of religion and peaceful assembly?

2. Did the trial court err and abuse its discretion in entering the final PFA Order to the extent that the written language of the order expressly contradicts the trial court's reasoning and rulings stated on the record during the final PFA hearing held on July 15, 2020 and impartially favors [Ms. Kaur]?

Appellant's Br. at 3.

In a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion.  *Custer v. Cochran*, 933 A.2d 1050, 1053-54 (Pa. Super. 2007) (*en banc*).  A trial court does not abuse its discretion for a mere error of judgment; rather, an abuse of discretion occurs "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will."  *Mescanti v. Mescanti*, 956 A.2d 1017, 1019 (Pa. Super. 2008) (citation omitted).  Moreover, on appeal, this Court will defer "to the credibility determinations of the trial court as to witnesses who appeared

---

[1] The trial court also granted Appellant's PFA Petition against Ms. Kaur.

before it." ***Karch v. Karch***, 885 A.2d 535, 537 (Pa. Super. 2005). It is well-settled that "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Walsh***, 36 A.3d 613, 619 (Pa. Super. 2012) (citation omitted). Finally, we review the evidence of record in the light most favorable to, and grant all reasonable inferences to, the party that prevailed before the PFA court. ***Snyder v. Snyder***, 629 A.2d 977, 982 (Pa. Super. 1993).

In his first issue, Appellant raises a constitutional challenge and avers that the PFA Order unlawfully impedes his free exercise of religion under both the United States and Pennsylvania Constitutions by restricting his access to the Nazareth Temple where he chooses to practice his religion. Appellant's Br. at 10. Appellant argues that instead of banning him from the Nazareth Temple on Sundays when Ms. Kaur is present, the trial court should have included language in the Order that required the parties to stay away from each other at the Nazareth Temple or provided a specific schedule for each party to be at the Nazareth Temple. ***Id.*** at 11.

"Appellant's constitutional challenge is a question of law for which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Muhammad***, 241 A.3d 1149, 1154 (Pa. Super. 2020). Both the Pennsylvania and United States Constitutions guarantee the free exercise of religion. ***Application of Conversion Ctr., Inc.***, 130 A.2d 107, 110 (Pa. 1957). We are guided by our sister Court that has recognized that

- 6 -

it is proper to follow federal precedent in considering a free exercise of religion claim under both the Pennsylvania and United States Constitutions, because the Pennsylvania Constitution does not give broader protection to this right. *Meggett v. Pa. Dep't of Corr.*, 892 A.2d 872, 879 (Pa.Cmwlth. 2006). Accordingly, we will analyze Appellant's claim pursuant to the United States Constitution.[2]

The First Amendment of the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]" U.S. Const. Amend. I. "The Establishment Clause of the First Amendment, applied to the States through the Fourteenth Amendment, prevents a State from enacting laws that have the 'purpose' or 'effect' of advancing or inhibiting religion." *Zelman v. Simmons-Harris*, 536 U.S. 639, 648–49 (2002) (citation omitted). However, "the freedom of religion guaranteed by the First Amendment does not include freedom from all regulation of an individual's acts and conduct as contradistinguished from his beliefs." *United States v. Kissinger*, 250 F.2d 940, 943 (3d Cir. 1958). While the First Amendment prohibits the government from burdening the free exercise of religion, the First Amendment is only

---

[2] Moreover, in his Brief, Appellant raises a challenge under both the United States and Pennsylvania Constitutions. However, in his Pa.R.A.P. 1925(b) Statement, Appellant failed to specifically raise a challenge pursuant to the Pennsylvania Constitution, and the trial court failed to address such a challenge in its Rule 1925(a) Opinion. Accordingly, any argument that the final PFA Order violates the Pennsylvania Constitution is waived. *See* Pa.R.A.P 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived.").

implicated if the governmental burden on an individual's religious practice is **substantial**. ***Anspach ex rel. Anspach v. City of Phila., Dep't of Pub. Health***, 503 F.3d 256, 272 (3d Cir. 2007). "In order to establish a substantial burden, [a party] must . . . allege state action that is either compulsory or coercive in nature." ***Id.***

Upon review of the record, we conclude that the Final PFA Order did not substantially burden Appellant's right to practice his religion. The Final PFA Order provides, in relevant part: "[Appellant] is going to be excluded from the temple at 648 Daniels Road, Nazareth when [Ms. Kaur] is present on Sundays." Order, 7/15/20. The Order did not ban Appellant from practicing his religion, nor compel him to perform actions against his religion. Appellant can attend services at several other temples in the area on Sunday, attend services at Nazareth Temple every day but Sunday, and attend services at Nazareth Temple on Sunday if Ms. Kaur is not present. As the trial court explained, "[t]he record established that all of the Sikh temples in the area have essentially the same services" and "Appellant may attend any Sikh temple he chooses except the [Nazareth Temple] 'when his ex-wife is present.'" Trial Ct. Op. at 10.

The Order did not place a substantial burden on Appellant's ability to practice his religion, but rather restricted his access to the Nazareth Temple on a specific day and time to ensure Ms. Kaur's safety.

Additionally, the trial court found that Appellant attends religious services at Nazareth Temple in order to intimidate Ms. Kaur. ***Id.*** Since

- 8 -

Appellant's purpose of attending the services at Nazareth Temple is to harass Ms. Kaur as opposed to practicing his religion, the Order arguably does not impact Appellant's ability to practice his religion at all.

In sum, the Final PFA Order does not rise to the level of placing a substantial burden on Appellant's right to freely exercise his religion and, therefore, the Order neither implicates nor violates the First Amendment.

In Appellant's next issue, he essentially challenges the weight of the evidence and avers that the trial court abused its discretion when it granted Ms. Kaur's PFA Petition. Appellant's Br. at 14. For the following reasons, we conclude Appellant waived this issue.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). *See* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). When an appellant fails to properly raise and develop issues in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). It is not this Court's role to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009).

Here, Appellant's four-paragraph argument is devoid of any citation to relevant controlling case law and does not contain any citations to the record. *See* Appellant's Brief at 7-10. Further, his conclusory argument fails to provide any legal analysis in support of his claim. *Id.* Appellant's failure to develop his argument has hampered this Court's ability to provide meaningful appellate review. Accordingly, this issue is waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2021