**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MATTHEW ADAM GUTSHALL | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATIE N. MARSHALL | : | No. 529 WDA 2021 |

Appeal from the Order Entered March 11, 2021
In the Court of Common Pleas of Potter County Civil Division at No(s):
247 of 2020

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 28, 2022**

Appellant, Matthew Adam Gutshall, appeals *pro se* from a final Protection from Abuse (PFA) order entered against him on March 11, 2021. After careful review, we affirm.

On August 28, 2020, Katie N. Marshall (Complainant) filed a petition for a PFA order and obtained a temporary PFA order against Appellant in the Court of Common Pleas of Potter County (trial court).  On March 11, 2021, the trial court held a hearing on whether a final PFA order should be entered.  At this hearing, Complainant testified that in February 2020, Appellant came to her home drunk, would not leave, and kept repeatedly banging on the doors and windows of her house to the point that she was afraid that he would kick the

_____

[*] Retired Senior Judge assigned to the Superior Court.

door in.  N.T., 3/11/21, at 6-8.  Complainant testified that after Appellant was charged with trespassing for that incident, Appellant repeatedly called her threatening that she would be charged with perjury if she testified against him and saying that he would come to her house.  *Id.* at 8-13.  Complainant also testified that she was afraid of Appellant because five or six years earlier, Appellant had choked her, pulled her hair out, and threatened to kill her.  *Id.* at 7-8.  At the end of the hearing, the trial court determined that a final PFA order was warranted and entered a final PFA order that bars Appellant from contacting Complainant for a three-year period that ends on August 27, 2023 (the Final PFA Order).  *Id.* at 15-16; Final PFA Order.  Appellant filed a timely notice of appeal.

The only argument that Appellant asserts in this appeal is that the trial court erred in entering the Final PFA Order because Complaint allegedly lied in her testimony at the PFA hearing.  Appellant's Brief at 3-9.[1]    In an appeal from the entry of a PFA order, we review the evidence that was before the court in the light most favorable to the complainant, granting her the benefit of all reasonable inferences.  *Kaur v. Singh*, 259 A.3d 505, 509 (Pa. Super.

_____

[1] Appellant does not raise any claim in this appeal concerning the length of time that passed between the entry of the temporary PFA and the hearing, at least part of which was apparently caused by a motion that he filed for recusal of the judge who had issued the temporary PFA order.  *See* Appellant's Petition for New Judge, filed 11/10/20.  Appellant also does not argue that the facts to which Complainant testified were insufficient to support entry of a PFA order.

2021); ***Custer v. Cochran***, 933 A.2d 1050, 1058 (Pa. Super. 2007) (*en banc*).  In this review, we must defer to the credibility determinations of the court that entered the order.  ***Kaur***, 259 A.3d at 509; ***Custer***, 933 A.2d at 1058.  A complainant's testimony by itself can be sufficient for entry of a PFA order if it is believed by the court.  ***E.K. v. J.R.A.***, 237 A.3d 509, 523 (Pa. Super. 2020); ***Custer***, 933 A.2d at 1058.

Appellant's argument fails because Complainant's credibility was a matter for the trial court, who heard her testimony, and we are bound by its conclusion that her testimony was credible.  ***Kaur***, 259 A.3d at 509; ***Custer***, 933 A.2d at 1058.  "It is well-settled that 'the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.'"  ***Kaur***, 259 A.3d at 509 (quoting ***Commonwealth v. Walsh***, 36 A.3d 613 (Pa. Super. 2012)).

Moreover, Appellant's attacks on Complainant's credibility are based on factual allegations, documents, and purported quotations of alleged recordings of conversations that Appellant did not introduce in evidence at the hearing and that were not in the record that was before trial court.  Appellant's Brief at 6-8 & Exs. B, C.  Such items that are not in the certified record cannot be considered on appeal.  ***Commonwealth v. Young***, 317 A.2d 258, 264 (Pa. 1974); ***PHH Mortgage Corp. v. Powell***, 100 A.3d 611, 614 (Pa. Super. 2014); ***In re J.C.***, 5 A.3d 284, 288 (Pa. Super. 2010).  We therefore cannot

even consider these alleged conversations, events, and documents as grounds for reversal of the Final PFA Order.

Because Appellant has not shown that the trial court erred in entering the Final PFA Order, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2022