J-A02001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STARINA PIETZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BREANNA HADRYCH | : | |
| | : | |
| Appellant | : | No. 745 WDA 2022 |

Appeal from the Order Entered May 25, 2022
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2022-3242

BEFORE:  BOWES, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: FEBRUARY 28, 2023**

Breanna Hadrych ("Appellant") appeals from the May 25, 2022 order entered by the trial court in favor of Starina Pietz ("Grandmother") on behalf of minor K.G., pursuant to the Protection of Victims of Sexual Violence or Intimidation ("PVSVI") Act.[1]  We affirm.

The trial court succinctly summarized the factual and procedural history as follows:

> On May 2, 2022, . . . [the] maternal grandmother of the minor children . . . filed a petition for protection from intimidation on behalf of minor children, C.G. ([born in January] 2005) and K.G. ([born in August] 2007) against [Appellant].  [Grandmother] averred that the children were subject to constant violence in the

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  Appellant is the live-in girlfriend of K.G.'s father, C.G.  The trial court also entered a final three-year Protection from Abuse ("PFA") order against C.G., which is the subject of a separate appeal.

house where they lived with [Appellant]. The averments specified that [Appellant], in the presence of the children, had tried killing herself by grabbing a knife and slitting her wrist. [Grandmother] further averred that [Appellant] had previously dragged K.G. up the stairs by her hair and threw her up against a wall. After a review of the petition and an *ex parte* proceeding in which [Grandmother] and C.G. testified, this court entered a temporary [protection from intimidation] order. A [protection from intimidation] hearing was scheduled for May 11, 2022. However, on May 9, 2022, the parties agreed to continue the matter to May 25, 2022. After a hearing on May 25, 2022, in which the children and [Appellant] both testified, this court granted [Grandmother's] request for a final protection from intimidation order on behalf of minor child K.G. for a period of three years and denied the request as to minor child C.G.

Trial Court Opinion, 7/19/22, at 1-2 (cleaned up).

Appellant timely appealed from the final PVSVI order, and both she and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issues for our review:

1. Do the actions of [Appellant], as a matter of law, rise to the level of abuse?

2. Is the testimony of the children wholly deserving of credibility, given the surrounding circumstances, as a matter of law and of common sense?

3. Is the penalty of a [three-]year [Protection from Abuse ("PFA") order] appropriate in this case?

Appellant's brief at 10.

Our standard of review for a challenge to the propriety of an order issued pursuant to PVSVI Act is whether the trial court committed an abuse of discretion or an error of law. *See E.A.M. v. A.M.D. II*, 173 A.3d 313, 316 (Pa.Super. 2017) (employing the standard of review utilized in Protection from Abuse ("PFA") appeals to those raised under the PVSVI Act). An abuse of

- 2 -

discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record." *Id*. (citation omitted).

Appellant first claims that the evidence of abuse was insufficient to allow the trial court to enter a PFA order. *See* Appellant's brief at 37-39. Specifically, she contends that her actions did not amount to abuse, since there was no claim of persistent injury. *Id*. at 39 (claiming pulling K.G. up the stairs by her hair was "within the appropriate bounds of parental correction"). Grandmother disagrees, correctly pointing out that the trial court did not enter a final PFA order. *See* Grandmother's brief at 12-13. Instead, the court issued a final PVSVI order, which is a separate statute that does not require proof of abuse before a trial court can issue a PVSVI order. *Id*. at 13. We agree with Grandmother.

In relevant part, the PVSVI Act is intended to protect minor or incapacitated adult victims of "sexual violence or intimidation." 42 Pa.C.S. § 62A01. The protections are extended to victims who "desire safety and protection from future interactions with their offender, regardless of whether they seek criminal prosecution." 42 Pa.C.S. § 62A02(5); *see also* 42 Pa.C.S. § 62A05(a) (explaining that adults and emancipated minors may seek relief under the PVSVI Act on behalf of minor children and incapacitated adults). The PVSVI act separately defines intimidation as

conduct constituting a crime under either of the following provisions between persons who are not family or household members:

18 Pa.C.S. § 2709(a)(4), (5), (6) or (7) (relating to harassment) where the conduct is committed by a person [eighteen] years of age or older against a person under [eighteen] years of age.[2]

18 Pa.C.S. § 2709.1 (relating to stalking) where the conduct is committed by a person [eighteen] years of age or older against a person under [eighteen] years of age.[3]

_____

[2] A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

(5) communicates repeatedly in an anonymous manner;

(6) communicates repeatedly at extremely inconvenient hours; or

(7) communicates repeatedly in a manner other than specified in paragraphs (4), (5), and (6).

18 Pa.C.S. § 2709(a)(4)-(7).

[3] A person commits the crime of stalking when the person either:

(1) engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person; or

(2) engages in a course of conduct or repeatedly communicates to another person under circumstances which demonstrate or communicate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person.

18 Pa.C.S. § 2709.1(a)(1), (2).

42 Pa.C.S. § 62A03. Thus, "the statutory language of the Act does not require that a petitioner prove sexual violence **with** intimidation to obtain a [protection from intimidation] order."[4] ***N.E.B. on behalf of N.P.B. v. S.S.J.***, 229 A.3d 345, *3 (Pa.Super. 2020) (non-precedential decision) (analyzing the PVSVI Act and finding that the Act provides a civil remedy to victims of intimidation separate and apart from the one it offers victims of sexual violence.) (emphasis in original); ***see also A.M.D. on Behalf of A.D. v. T.A.B.***, 178 A.3d 889, 894 (Pa.Super. 2018) ("The Act provides a civil remedy to victims of intimidation . . .").

Before a trial court enters a final order under the PVSVI act, the court must conduct a hearing at which the plaintiff is required to:

> (1)     Assert that the plaintiff or another individual, as appropriate, is a victim of sexual violence or intimidation committed by the defendant; and
>
> (2)     Prove by preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant.

42 Pa.C.S. § 62A06(a). For the first prong, the plaintiff must "assert that [he or she] was a victim of . . . intimidation committed by the defendant" and the

---

[4] The PVSVI Act separately defines "sexual violence" as conduct constituting a crime under one of six enumerated sexual offenses that do not pertain to requirements needed to prove intimidation. ***See*** 42 Pa.C.S. § 62A03. The PVSVI also demands additional action on behalf of law enforcement for victims of "sexual violence" that are not mandated for victims of "intimidation." ***See*** 42 Pa.C.S. § 62A05(d)(5) ("In the case of a minor victim of sexual violence, a copy of the petition and order shall be served upon the county agency and the Department of Public Welfare").

court must find the assertion credible. *See E.A.M.*, *supra* at 319 (emphasis omitted). As to the second prong, the plaintiff must prove by a preponderance of the evidence, "a more likely than not inquiry," that she is at a continued risk of harm from the defendant. *Id*. at 319-20. The risk of harm includes the risk of mental and emotional harm, such as "apprehension, fear, and emotional distress." *Id*. at 321. Importantly, the statutory language does not require the plaintiff to prove that criminal harassment or criminal stalking was committed by the defendant, only that it is more likely than not that the defendant presents a continued risk of harm. *See A.M.D. on Behalf of A.D.*, *supra* at 894 (interpreting 42 Pa.C.S. § 62A06(a)(1) and Pa.R.C.P. 1957 governing decisions in PVSVI actions). Most pertinent to the instant appeal, the PVSVI Act does not contain any requirement that the plaintiff prove the defendant attempted to cause or inflicted bodily injury.

Apparently failing to appreciate that the trial court here entered an order pursuant to the PVSVI Act rather than the PFA Act, Appellant argues that there was insufficient evidence presented at the hearing to demonstrate that K.G. suffered "abuse," as that term is defined in the PFA Act, because Appellant did not cause K.G. "persistent marks or lasting [physical] pain." *See* Appellant's brief at 39; *see also* 23 Pa.C.S. § 6102(a) (delineating the five acts that constitute "abuse" under the PFA). However, as discussed above, by its plain language the PVSVI Act merely required Grandmother "to assert" that her granddaughter "[was] a victim of . . . intimidation" committed by Appellant and "to prove by [a] preponderance of the evidence" that K.G. faced "a

continued risk of harm" from Appellant. **See** 42 Pa.C.S. § 62A06(a) (emphasis added); **see also K.N.B. v. M.D.**, 259 A.3d 341, 351-52 (Pa. 2021) (analyzing the PVSVI Act and explaining that, unlike the PFA Act, the PVSVI Act's "continued risk of harm element does not require trial courts to evaluate the reasonableness of the plaintiff's mental and emotional reaction when she encounters the defendant"). Accordingly, Appellant's first claim fails.

Even if Appellant had challenged the sufficiency of the evidence relative to the PVSVI statute, her claim would not succeed, as we would affirm on the basis of the well-reasoned opinion of the Honorable Jesse Pettit. **See** Trial Court Opinion, 7/19/22, at 4 (paraphrasing the testimony of K.G. describing multiple instances of physical assault and intimidation perpetrated by Appellant and expressing fear that Appellant would continue to harm her in the future, analyzing the evidence in accordance with controlling precedent, and finding that Appellant's actions rose to the level of intimidation and posed a continued risk of harm to K.G. within the meaning of the PVSVI Act).[5]

_____

[5] At oral argument, Appellant argued for the first time that the word sexual modified intimidation as well as violence and that Grandmother failed to prove that Appellant had engaged in sexual intimidation. Since this argument was not raised below and does not appear in Appellant's brief, it is waived. **See Karn v. Quick & Reilly Inc**, 912 A.2d 329, 336 (Pa.Super. 2006); **see also** Pa.R.A.P. 2111-2119 (discussing the required content of appellate briefs and addressing the specific requirements of the various subsections of appellate briefs). Nevertheless, as noted in the body of this memorandum, the PVSVI Act separately defines "sexual violence" and "intimidation," and defines a "victim" as one "who is a victim of sexual violence or intimation." 42 Pa.C.S. § 62A03; **see also N.E.B. on behalf of N.P.B. v. S.S.J.**, 229 A.3d 345, *3 (Pa.Super. 2020) (non-precedential decision) (analyzing the PVSVI Act and finding that the Act "provides a civil remedy to victims of intimidation.").

Appellant's second issue challenges the weight of the evidence, arguing that the trial court abused its discretion when it found the children "wholly deserving of credibility." Appellant's brief at 39-40. In reviewing this claim we are mindful of the following:

> Absent an abuse of discretion, error of law, or lack of support in the record, this court does not disturb a trial court's factual findings. Moreover, as to issues involving credibility, we defer to the [trial court sitting as] fact finder that had the opportunity to observe the demeanor of the witness.

**A.M.D.**, **supra** at 895 (citations and quotations omitted).

Herein, Appellant contends that K.G. was "in tears" during her testimony because she was "ashamed about lying" and that C.G. had an "incentive to lie" because he had been "involved" with a fourteen-year-old girl. **Id**. at 41-42. However, the trial court found Appellant's unsupported accusations unpersuasive, explaining:

> This court found K.G. to be extremely credible in her testimony. K.G. testified in detail and emotionally as to the conduct of [Appellant]. C.G. corroborated his sister's testimony and testified in similar detail regarding [Appellant] pulling K.G. up the stairs by her hair on one occasion because K.G. was being loud and annoying. [Appellant], when asked if she ever pulled K.G.'s hair, testified that she's done so when they've played around but she's never done so physically or to punish K.G. [Appellant] further testified that she has never struck or pushed K.G. and further stated that K.G. is not afraid of her. Moreover, when asked why the children testified [Appellant] has hit K.G., [Appellant] testified that "they're not getting their way right now. So they're, I guess, making up lies." This court did not find the testimony of [Appellant] to be credible.

Trial Court Opinion, 7/19/22, at 5 (cleaned up).

Our review of the certified record supports the trial court's findings. Both children testified about specific instances of harmful conduct that Appellant directed at K.G. *See* N.T., 5/25/22, at 18-19 (C.G. testifying that Appellant grabbed K.G. by the hair and pulled her upstairs for "being loud and annoying"); *id*. at 32-33 (K.G. testifying that Appellant had taken her out of bed and thrown her into the kitchen wall a couple of times, dragged her up the stairs by her hair, and struck her once or twice). Moreover, the court was under no obligation to accept Appellant's denials and her bald claim that the allegations were the result of K.G. not "getting her way." *Id*. at 50; *see A.M.D.*, *supra* at 895. Accordingly, we defer to the trial court's determinations regarding the credibility of witnesses at the hearing and find that Appellant's second issue merits no relief. *See* N.T., 5/25/22, at 74 ("I found the testimony of both of the children to be concerning and certainly understandable that they would be in fear for their safety based on what they've testified to."); *see also Kaur v. Singh*, 259 A.3d 505, 509 (Pa. Super. 2021) (stating that, "this Court will defer to the credibility determinations of the trial court as to witnesses who appeared before it[, and it] is well-settled that the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence").

Appellant's final argument is that a three-year PFA order is too "drastic," since it separates the family. Appellant's brief at 43 ("Instead of wrenching [the children] out of their home, less drastic measures could have been

- 9 -

taken."). However, a review of Appellant's brief demonstrates that she has failed to set forth an argument with citation to appropriate legal authorities in support of this issue. *See* Appellant's brief at 42-43. As such, Appellant has waived it as a basis for relief. *See e.g. C.H.L. v. W.D.L.*, 214 A.3d 1272, 1276 (Pa.Super. 2019) (finding a PFA claim waived due to deficiencies in the appellant's brief); *see also* Pa.R.A.P. 2119(a).

In any event, the trial court found Appellant's argument unpersuasive, explaining that the final order appropriately provided for K.G.'s safety and protection from future interactions with Appellant. *See* Trial Court Opinion, 7/19/22, at 5-6. We agree. The PVSVI Act empowers the court to issue a protection from intimidation order "for a fixed period of time not to exceed [thirty-six] months." 42 Pa.C.S. § 62A07(c). After finding that intimidation occurred and that Appellant continued to pose a risk of harm to K.G., the trial court properly entered an order that fell within the PVSVI statute's parameters. Thus, we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2023

- 10 -