J-S15020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATIE F. LAPP | : | |
| | : | |
| Appellant | : | No. 1304 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 15, 2022
In the Court of Common Pleas of Union County
Criminal Division at No.:  CP-60-CR-0000356-2021

MEMORANDUM PER CURIAM:               **FILED: SEPTEMBER 6, 2023**

Appellant Katie F. Lapp *pro se* appeals from the August 15, 2022 judgment of sentence entered in the Court of Common Pleas of Union County ("trial court"), following her jury convictions for criminal attempt – interference with custody of children, and two counts of tampering with public records.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Unless otherwise noted herein, we rely on the trial court's recitation of the background.  **See** Trial Court Opinion, 12/30/22, at 1-5 (unnumbered).

On January 5, 2022, the Commonwealth filed an information against Appellant alleging the foregoing crimes. Appellant was arraigned by the Honorable Lori R. Hackenberg on January 24, 2022.  Appellant, who was representing herself, filed **sixty-three** pre-trial motions in seven different

_____

[1] 18 Pa.C.S.A. §§ 901(a), 2904(a) and 4911(a)(2), respectively.

filings. The motions were dismissed by the court. At the first proceeding, Appellant was advised of her rights to counsel. Appellant elected to represent herself. The trial court appointed Attorney Brian Ulmer as standby counsel. A jury trial was held on June 3, 2022, at which the following testimonial evidence was produced.

Appellant and D.C. ("Father") were married in 2004. In 2010, the parties' daughter ("Child"), who is at the center of this matter, was born. On August 7, 2020, the Court of Common Pleas of Juniata County granted Father sole legal and physical custody of Child. This order was reaffirmed by the Juniata County Court on October 21, 2021 by adding Child's name and date of birth to the order.

Father eventually moved to Union County, Pennsylvania and enrolled his daughter in the Shady Grove Christian School, a small private school in Union County. Father advised school officials that he had sole legal and physical custody of his daughter and provided the school with documentation, specifically, the Juniata County court orders establishing that fact. In addition, Father provided the school with a note saying that no one was to remove his daughter from the school without his instructions.

In addition to Child's father, the Commonwealth called James Yoder, principal of the Shady Grove Christian School. Mr. Yoder testified that on November 30, 2021, he was at the school even though classes were not in session then, and there were no students present. Appellant drove up to the school, entered the school and confronted Mr. Yoder. Appellant indicated that

- 2 -

she was there to pick up Child. Appellant told Mr. Yoder that she has a document that purportedly said "I need to take [my daughter] with me today from school." According to Mr. Yoder, Appellant produced a document stamped in the upper-right hand corner with the phrase "filed Juniata County." Appellant was showing this document to Mr. Yoder to explain why she should have her daughter. Following her discussion with Mr. Yoder, a meeting was set up with the pastor of the church associated with the school, Ivan Stoltzfus. The meeting was scheduled for 2:00 p.m. on November 30, 2021. At the meeting, Appellant told Mr. Stoltzfus that she had documents saying that she could pick up her daughter. Appellant then provided documents that were again purportedly stamped by Juniata County.

Mr. Yoder testified that he was again at the school on December 3, 2021. While students were not present, Mr. Yoder received notification that a car was sitting in the driveway outside the school. Mr. Yoder next testified it was not until December 6 that Appellant returned. On this occasion, students were in classes, but many were out on the playground. Mr. Yoder brought Child into the school and notified 911.

Mr. Yoder relayed that Appellant proceeded to drive into the school. She then stopped at the end of the driveway and was approached by a school board member.

At the conclusion of the testimony of the Commonwealth's witnesses, the Commonwealth introduced a copy of the Juniata County court orders granting Father sole legal and physical custody of Child. The Commonwealth

also introduced an exhibit put forth by Appellant claiming the documents gave her the right to take Child. Appellant's primary arguments prior to trial, during trial, and post-trial were that she had an absolute right to her daughter based on her religious principles and the United States and Pennsylvania Constitutions. The document that she claimed gave her rights to her daughter was a document prepared by Appellant and taken to the Juniata County Prothonotary to be clocked in as part of her record. It was not a court order. Eventually, on June 6, 2022, the jury found Appellant guilty of criminal attempt – interference with custody of children, and two counts of tampering with public records.

Appellant filed two post-verdict motions seeking acquittal of all charges. These motions were denied by the court. The trial court, following the preparation and review of a presentence investigation report, sentenced Appellant to an aggregate of 11 to 23 months' imprisonment on August 15, 2022. The sentence was at the bottom of the standard range of the most serious offense.

On August 24, 2022, Appellant *pro se* filed a third motion for judgment of acquittal which the trial court denied on August 25, 2022. Appellant *pro se* timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, alleging violations of her religious freedoms guaranteed by the constitution, the legislature, and the courts. In response, the trial court prepared a detailed Pa.R.A.P. 1925(a) opinion.

On November 15, 2022, we issued an order directing the trial court to colloquy Appellant, on the record, regarding her rights to legal counsel. On December 12, 2022, a hearing was held where Appellant knowingly and voluntarily waived her rights to counsel for the purposes of appeal. She also verified that the trial court had advised her of these rights prior to the December 12 hearing.

On appeal, Appellant *pro se* presents three issues for our review.

> [I.] Did error occur in allowing the Commonwealth, via legislation, to abridge Appellant's rights guaranteed by the Constitution by impinging upon her claimed religious freedom?

> [II.] Did error occur in precluding Appellant from conveying her First Amendment, free exercise defense on the day of the trial?

> [III.] Did error occur in the trial court failing to include any notice of rights with the order denying Appellant's post-sentence motion.

Appellant's Brief at 5 (unnecessary capitalization omitted). Put differently, she essentially argues that: (1) her claimed religious rights supersede and trump laws and rules passed consistent with both the federal and state constitutions insofar as they relate to the custody of Child; (2) the trial court erred in preventing her from stating to the jury that her religious beliefs excused her conduct; and (3) the trial court erred in failing to advise her of her post-sentence rights.

Combining Appellant's first two issues, we agree with the trial court's characterization that Appellant "claims that she has a ***God-given right*** as affirmed by the Pennsylvania and United States Constitution to the ***custody***

of her child regardless of any court order."[2]  Trial Court Opinion, 12/30/22, at 6 (unnumbered) (emphasis added).  In this regard, Appellant simply does not challenge her underlying criminal convictions or the resulting sentence here.  Rather, couched as a constitutional challenge,[3] she attacks and attempts to

---

[2] To the extent Appellant's constitutional claim can be interpreted to challenge the jurisdiction of our courts, such claim, whether the individual identifies as a "sovereign citizen" or a "flesh-and-blood human being," has been rejected as frivolous.  **United States v. Benabe**, 654 F.3d 753, 767 (7th Cir. 2011); **accord Commonwealth v. McGarry**, 172 A.3d 60, 65-66 (Pa. Super. 2017), **appeal denied**, 185 A.3d 966 (Pa. 2018).

[3] As we have explained:

> Both the Pennsylvania and United States Constitutions guarantee the free exercise of religion.  We are guided by our sister Court that has recognized that it is proper to follow federal precedent in considering a free exercise of religion claim under both the Pennsylvania and United States Constitutions, because the Pennsylvania Constitution does not give broader protection to this right.  . . .

> The First Amendment of the United States Constitution provides: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]  The Establishment Clause of the First Amendment, applied to the States through the Fourteenth Amendment, prevents a state from enacting laws that have the purpose or effect of advancing or inhibiting religion.  However, the freedom of religion guaranteed by the First Amendment does not include freedom from all regulation of an individual's acts and conduct as contradistinguished from his beliefs.  While the First Amendment prohibits the government from burdening the free exercise of religion, the First Amendment is only implicated if the governmental burden on an individual's religious practice is **substantial**.  In order to establish a substantial burden, [a party] must . . . allege state action that is either compulsory or coercive in nature.

*(Footnote Continued Next Page)*

vacate a civil custody order entered by the Court of Common Pleas of Juniata County – located in an entirely different county than the case at issue. Thus, the trial court *sub judice* clearly lacked jurisdiction to entertain Appellant's challenge to the custody order.[4]

_____

***Kaur v. Singh***, 259 A.3d 505, 509-10 (Pa. Super. 2021) (emphasis in original; citations, quotation marks, and internal quotation marks omitted). Appellant here does not meaningfully identify a burden—much less one that is substantial—on her religious practice. ***See St. Elizabeth's Child Care Ctr. v. Dep't of Pub. Welfare***, 989 A.2d 52, 55 (Pa. Cmwlth. 2010) (noting that "states are free to enact and enforce facially neutral laws of general applicability even though they may interfere with the religious practices of some individuals.").

[4] Section 5422 of the Domestic Relations Code provides:

**§ 5422. Exclusive, continuing jurisdiction**

(a) General rule.--Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

(1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or

(2) a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

*(Footnote Continued Next Page)*

Moreover, with respect to the propriety of introducing religious beliefs in criminal cases, as our Supreme Court has long explained that "[w]e have not hesitated to find that religious references are improper and irrelevant when intended to persuade jurors to follow their religious beliefs, as opposed to the law of this Commonwealth." ***Commonwealth. v. Cooper***, 941 A.2d 655, 664 (Pa. 2007) (noting that "jurors have an obligation to apply the law, and may not ignore their oath and obligations by substituting their own religious beliefs."). The Court added:

> Jury should consider only factors which flow from the evidence and the inferences properly drawn from the evidence. Reliance on the Bible or other religious writing encourages the jury to substitute religious precepts for the law of this Commonwealth, only the latter of which the jury is required to follow.

***Id.*** at 664 (citations omitted). Because Appellant sought to influence the jury with her purported, deeply-held religious beliefs, the trial court did not abuse its discretion in disallowing her from doing so. We find no error.

Finally, Appellant claims that the trial court failed to apprise her of certain, unknown rights when it denied her post-sentence motion. Despite this argument being woefully underdeveloped and lacking citation to the record and case law, we shall briefly address this claim, as it simply has no merit. Our review of the record confirms the Commonwealth's position that

---

23 Pa.C.S.A. § 5422(a). Because Juniata County made the initial custody determination, per 23 Pa.C.S.A. § 5421, and because nothing has happened to divest Juniata County of exclusive, continuing jurisdiction under § 5422(a), Appellant could not challenge the custody order in Union County.

Appellant repeatedly—and on the record—was advised of her right to counsel, post-sentence and appellate rights. N.T., Sentencing, 8/15/22, at 20; N.T., Hearing, 12/12/22, at 1-9. Because we find no support in the record for Appellant's claim, and the court repeatedly colloquied her on the record about her post-sentence and appellate rights, she does not obtain relief.[5]

Judgment of sentence affirmed. Applications denied.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2023

---

[5] Given our disposition herein, we deny as moot Appellant's June 2, 2023 Application to Expedite. Similarly, Appellant's Application to vacate, filed August 8, 2023, is denied.