J-A11040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STACEY L. WELLIVER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS A. BARTLETT | : | No. 1030 MDA 2025 |

Appeal from the Order Entered July 3, 2025
In the Court of Common Pleas of Northumberland County
Civil Division at No. CV-2025-01157

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: MAY 26, 2026**

Stacey L. Welliver (Appellant) appeals *pro se* from the order denying the petition she filed against Travis A. Bartlett (Appellee) pursuant to the Protection from Abuse (PFA) Act, 23 Pa.C.S. § 6101-6122*.*  We affirm.

The trial court explained:

The parties had been involved in a custody action involving their daughter….  They had been divorced seven years earlier, after a marriage that lasted eighteen years.  A hearing was scheduled on [Appellant's] motion to modify the custody order for June 26, 2025, and [Appellant] filed her Petition for Protection from Abuse two days prior thereto on June 24, 2025.

Trial Court Opinion (TCO), 9/15/25 at 1.

On July 2, 2025, the trial court held a PFA hearing where Appellant appeared *pro se* and the parties were the only witnesses.  Appellee denied threatening or being "physical" with Appellant, while Appellant testified to incidents in years past where "things [were] just mysteriously happening at

my home." N.T., 7/2/25, at 10, 13. Appellant also described "a lot of emotional abuse that I'm currently going through based o[n Appellee's] posts that he's putting on Facebook that just speak very negatively of me." *Id.* at 13. Appellant said that Appellee's posts made her feel "super uncomfortable." *Id.* at 14. She added:

> I'm … criticized nonstop publicly and it's damming [*sic*] … and I would like it to end. And I don't know how else to make it end. I don't deserve to be called names. I don't deserve to be ridiculed in public and I don't deserve to live in my own home and feel unsafe. So thank you.

*Id.* at 16.

At the conclusion of the hearing, the trial court found that Appellant failed to prove her allegations of Appellee's abuse. *Id.* at 33.[1] On July 3, 2025, the court entered an order denying Appellant's request for a PFA order.

On July 30, 2025, Appellant filed a notice of appeal, followed by a Pa.R.A.P. 1925 concise statement of errors on September 2, 2025. *See In re K.T.E.L.*, 983 A.2d 745, 747 n.1 (Pa. Super. 2009) (finding an appellant's failure to file a simultaneous concise statement did not result in waiver where the appellant filed a late concise statement and there was no allegation of prejudice from the filing).

---

[1] The trial court advised Appellant, "it's court of law and I have to follow it. You have to have evidence. You have to meet your burden of proof and you haven't done that." *Id.* at 34-35; *see also Bhatia v. Fernandez*, 319 A.3d 517, 520 (Pa. Super. 2024) (reiterating that a PFA petitioner is required to establish abuse by a preponderance of the evidence).

Preliminarily, we recognize that this Court reviews a PFA order for an error of law or an abuse of discretion. **Kaur v. Singh**, 259 A.3d 505, 509 (Pa. Super. 2021). We have explained:

> A trial court does not abuse its discretion for a mere error of judgment; rather, an abuse of discretion occurs where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will. Moreover, on appeal, this Court will defer to the credibility determinations of the trial court as to witnesses who appeared before it. It is well-settled that the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. Finally, we review the evidence of record in the light most favorable to, and grant all reasonable inferences to, the party that prevailed before the PFA court.

**Id.** (citations and quotation marks omitted).

Here, the deficiencies in Appellant's brief preclude meaningful review. In contravention of the Rules of Appellate Procedure, Appellant submits a 16-page narrative of Appellee's alleged abuse — from the beginning of the parties' 18-year marriage, through the more than seven years that they have been divorced — nearly all of which is absent from the record. **See generally**, Appellant's Brief at 1-16.[2] Appellant's brief lacks a caption, appeal number, and page numbers, and does not include the order in question or a statement of the standard and scope of review. **See** Pa.R.A.P. 2111(a). More importantly, Appellant does not identify a statement of questions as required

---

[2] Appellant also fails to include any "citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

by Pa.R.A.P. 2111(a)(4), and disregards the requirements for the argument set forth in Pa.R.A.P. 2119.  As our Supreme Court has stated, an appellant is not entitled to relief when she presents an argument that is "speculative, undeveloped, unexplained, unsupported, contrary to the facts of record—and meritless."  **Commonwealth v. Padilla**, 80 A.3d 1238, 1263 (Pa. 2013).  Accordingly, we have no basis for disturbing the trial court's order.[3]

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/26/2026

---

[3] Appellant's *pro se* status "confers no special benefit."  **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003).  A person who represents herself "must, to a reasonable extent, assume that h[er] lack of expertise and legal training will be h[er] undoing."  **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018).