J-S18003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TAYLOR DAIN HABBERSHON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATHER SUE WHITE | : | |
| | : | |
| Appellant | : | No. 1704 MDA 2025 |

Appeal from the Order Entered November 12, 2025
In the Court of Common Pleas of Mifflin County Civil Division at No(s):
2025-00629

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED: MAY 26, 2026**

Heather Sue White ("Appellant") appeals from the November 12, 2025 order entered in the Mifflin County Court of Common Pleas that granted the petition for protection from abuse ("PFA") that Taylor Dain Habbershon filed against Appellant pursuant to the PFA Act, 23 Pa.C.S. §§ 6101-6122. Appellant challenges the sufficiency of the evidence supporting the PFA order. Upon careful review, we affirm.

The relevant factual and procedural history is as follows.  On July 7, 2025, Taylor[1] filed a petition for PFA against Appellant on behalf of himself, his wife, Cassandra Habbershon, and his three minor children.  Taylor and Appellant were former intimate partners.

_____

[1] As Taylor and his wife share a last name, we refer to them by their first names.

The PFA court held a bifurcated PFA hearing on September 29, 2025, and November 10, 2025. Relevant to this appeal, Taylor testified to two incidents that occurred on July 3 and July 4, 2025. On July 3, 2025, while Cassandra was driving with Taylor and the children in the car, Appellant tailgated their vehicle and, while passing the vehicle at high speed, aggressively swerved her vehicle towards them several times. On July 4, 2025, while Taylor, Cassandra, and the children were parked in a Walmart parking lot, Appellant approached them and yelled, "Fuck you fuckers. I'll kill you all." N.T. Hr'g, 9/29/25, at 16. Taylor testified that since those incidents, Appellant and Appellant's husband had continued "stalking, driving by the house, [and] harassing" the family. *Id.* at 20. Appellant and her husband testified and denied threatening or harassing Taylor or his family.

On November 10, 2025, the court granted the PFA petition and issued a final PFA order, set to expire on July 7, 2026.

This appeal followed. Appellant and the PFA court complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issue for our review: "Did the [PFA] court abuse its discretion in granting [the PFA] petition, where the law was not applied to sufficiently determine abuse?" Appellant's Br. at 3 (capitalization altered).

---

[2] The PFA court, in its statement in lieu of a Rule 1925(a) opinion, directs us to its reasoning on the record at the November 10, 2025 hearing. Pa.R.A.P. 1925(a) Statement, 1/6/26.

In a PFA action, this Court reviews the PFA court's "legal conclusions for an error of law or an abuse of discretion." ***Custer v. Cochran***, 933 A.2d 1050, 1053-54 (Pa. Super. 2007) (*en banc*). A PFA court does not abuse its discretion for a mere error of judgment; rather, we will find an abuse of discretion "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will." ***Mescanti v. Mescanti***, 956 A.2d 1017, 1019 (Pa. Super. 2008) (citation omitted). Moreover, on appeal, this Court will defer "to the credibility determinations of the trial court as to witnesses who appeared before it." ***Karch v. Karch***, 885 A.2d 535, 537 (Pa. Super. 2005) (citation omitted). It is well-settled that "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Commonwealth v. Walsh***, 36 A.3d 613, 619 (Pa. Super. 2012) (citation omitted).

In considering the sufficiency of the evidence supporting a grant of PFA relief, "we review the evidence of record in the light most favorable to, and grant all reasonable inferences to, the party who prevailed before the PFA court." ***Kaur v. Singh***, 259 A.3d 505, 509 (Pa. Super. 2021). The petitioner need only establish his case by a preponderance of the evidence to be entitled to relief. ***Custer***, 933 A.2d at 1058; ***see also Raker v. Raker***, 847 A.2d 720, 724 (Pa. Super. 2004) (defining preponderance as "the greater weight of the evidence, *i.e.*, to tip a scale slightly"). Indeed, "[t]he petitioner's

testimony is sufficient if it is believed by the trial court." ***Custer***, 933 A.2d at 1058.

"Abuse" is defined, in relevant part, as "[t]he occurrence of one or more of the following acts" between former intimate partners, including "[p]lacing another in reasonable fear of imminent serious bodily injury" or "[k]nowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S. § 6102(a)(2), (5).

"In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury[.]" ***Raker***, 847 A.2d at 725. The intent of the abuser is irrelevant to this determination. ***Id.*** "Actual physical harm is not a prerequisite for entry of a PFA order; the victim need only be in reasonable fear of imminent serious bodily injury." ***Thompson v. Thompson***, 963 A.2d 474, 477 (Pa. Super. 2008).

Appellant argues that Taylor did not demonstrate a course of conduct of abuse and characterizes the instant case as "a single threat [] and an aggressive maneuver of a passing vehicle on the roadway[,]" asserting that "there was insufficient historical evidence presented to support the finding of abuse[.]" Appellant's Br. at 9-10. Appellant also argues that "[Taylor's] own testimony, as well as [Cassandra's], reveals that neither feared serious imminent harm" during either incident. ***Id.*** at 12.

- 4 -

The PFA court found that Taylor had established his case by a preponderance of the evidence and specifically identified Taylor and Cassandra's testimony regarding Appellant's "road rage aggression" when Appellant "sped up beside [them.]" N.T. Hr'g, 11/10/25, at 101.

Reviewing the evidence of record in the light most favorable to and granting all reasonable inferences to Taylor, we find that there was sufficient evidence of abuse based solely on the July 3, 2025 "road rage" incident as Appellant's dangerous behavior placed Taylor in reasonable fear of a serious car accident. Taylor and Cassandra's testimony that Appellant aggressively swerved her vehicle towards theirs several times while speeding at 90 miles per hour, causing Taylor to "fear for [his] safety and the safety of [his] family[,]" supports the PFA court's conclusion that Appellant committed an act that placed the family in "reasonable fear of imminent serious bodily injury." N.T. Hr'g, 9/29/25, at 9, 20; 23 Pa.C.S. § 6102(a)(2). Therefore, the PFA court did not commit an error of law or abuse its discretion in granting the PFA order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/26/2026