J-S02008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER SCOTT HICKS | : | |
| | : | |
| Appellant | : | No. 1095 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 5, 2022
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000831-2022

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED: APRIL 28, 2023**

Christopher Scott Hicks appeals from the judgment of sentence entered in the York County Court of Common Pleas on July 5, 2022, following his conviction for possessing a small amount of marijuana. Additionally, Hicks's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we affirm the judgment of sentence and grant counsel permission to withdraw.

The Commonwealth charged Hicks with possession of a small amount of marijuana - personal use, possession of drug paraphernalia, and driving while operating privilege is suspended. Prior to trial, the Commonwealth withdrew the paraphernalia charge.

On July 5, 2022, the case proceeded to a bench trial on the remaining charges. Officer Corey Sheaffer testified that on December 4, 2021, he was

on duty monitoring traffic when he stopped Hicks's Jeep for driving with a suspended license after running the vehicle's plates. *See* N.T., Non-Jury Trial, 7/5/22, at 4-6. During the stop, Officer Sheaffer noticed an odor of marijuana coming from the Jeep as well as from Hicks's person. *See id*. at 14. Upon questioning, Hicks admitted there was "a little bit" of marijuana in the Jeep and on his person. *See id*. at 14-15. Marijuana was recovered from Hicks's pants pocket as well as from the Jeep. *See id*. at 15-18.

Officer Sheaffer stated that Hicks mentioned "being out in nature", *see id*. at 21, but did not recall Hicks saying anything about consuming marijuana for religious purposes. *See id*. at 18-19. Further, while Hicks admitted he did not have a medical marijuana card, he said he had tried to get one but did not have it yet. *See id*. at 14, 21, 27.

After hearing from both sides, the court excluded Hicks's driving record because it was not previously disclosed to the defense. *See id*. at 12. Accordingly, the court granted the defense's motion for acquittal on the driving under suspension charge. *See id*. at 24.

Hicks testified on his own behalf and admitted the marijuana that was recovered was his. *See id*. at 25. He stated that he used marijuana in his witchcraft practice as well as for a natural healing remedy for aches and pains associated with a bone disease. *See id*. at 26. Hicks said he told Officer Sheaffer that he used marijuana "for both meditation and healing." *See id*. at 27. Hicks admitted he did not have a medical degree and was not licensed to

be a "healer." *See id*. at 29. He further admitted he did not have a medical marijuana card at the time of the traffic stop, but said he received it "eight days after this incident happened." *See id*. at 27.

Counsel noted Hicks admitted to possessing marijuana but argued "the marijuana is essential to his religious practice as being a practicing witch and for medical purposes … While he possessed it, he did so based on his religious beliefs." *See id*. at 30. Counsel offered to provide some recognized books regarding Hicks's practice, but admitted that there was no case law, in her knowledge, recognizing his particular practice as a religion within a constitutional parameter. *See id*.

The court found Hicks guilty of possession of a small amount of marijuana - personal use, and imposed a $50 fine and costs. This timely appeal followed.

We turn first to counsel's petition to withdraw. To withdraw pursuant to *Anders*, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's

withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

> An **Anders** brief must comply with the following requirements:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find counsel has complied with the preliminary requirements set forth in **Anders**. Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Hicks's appeal is frivolous.[1] Further, counsel attached to his petition copies of two letters he sent to Hicks advising him of his rights, including his immediate right to proceed *pro se* and/or right

---

[1] Counsel had attached an application to withdraw as counsel as an appendix to his **Anders** brief. However, upon initial review of the docket, this Court was unable to find a separate filing for an application to withdraw. As such, there was no docketed application for this Court to rule on. Accordingly, counsel was directed to file the application to withdraw with this Court. Counsel complied and filed an application to withdraw on March 28, 2023.

to hire private counsel. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Hicks, and his assessment of why those issues are meritless, with citations to relevant legal authority. Counsel has thus complied with the requirements of *Anders*. Hicks did not file a response. As such, we proceed to a review of any issues outlined in the *Anders* brief.

In his *Anders* brief, counsel raises a potential issue regarding violation of Hicks's right to free exercise of religion under both federal and Pennsylvania law. *See Anders* Brief, at 4. Counsel notes that Hicks asserted that he possessed the marijuana for religious purposes. *See id*. at 14. Specifically, Hicks argued he is a witch and uses the marijuana for meditation and healing in the course of practicing his religion. *See id*.

Both the Pennsylvania and United States Constitutions guarantee the free exercise of religion. *See Application of Conversion Ctr., Inc.*, 130 A.2d 107, 110 (Pa. 1957). As the Pennsylvania Constitution does not give broader protection to this right, we may follow federal precedent in considering a free exercise of religion claim under both the Pennsylvania and United States Constitutions. *See Kaur v. Singh*, 259 A.3d 505, 509 (Pa. Super. 2021) (citation omitted).

> The Free Exercise Clause of the First Amendment, which has been made applicable to the States by incorporation into the Fourteenth Amendment provides that "Congress shall make no law respecting an establishment of religion, or *prohibiting the free exercise thereof....* " The free exercise of religion means, first and foremost, the right to believe and profess whatever religious

> doctrine one desires. Thus, the First Amendment obviously excludes all "governmental regulation of religious *beliefs* as such." The government may not compel affirmation of religious belief, punish the expression of religious doctrines it believes to be false, impose special disabilities on the basis of religious views or religious status, or lend its power to one or the other side in controversies over religious authority or dogma.

*Employment Div., Dep't of Human Res. v. Smith*, 494 U.S. 872, 876-77 (1990) (citations omitted).[2] However, "exercise of religion often involves not only belief and profession but the performance of (or abstention from) physical acts". *Id*. at 877 (internal quotation marks omitted). The right to engage in actions or conduct prompted by religious beliefs or principles is not totally free of legislative restrictions. *See id*. at 877-79.

Hicks was charged and convicted pursuant to 35 P.S. 780-112(a)(31)(i), which criminalizes the possession of a small amount of marijuana. Hicks does not challenge that he possessed a small amount of marijuana. Rather, Hicks argues he should be exempt from the regulation because he contends he uses marijuana for religious purposes.

_____

[2] The United States Congress responded to *Smith* by enacting the Religious Freedom Restoration Act of 1993 ("RFRA"), to provide greater statutory protection for the exercise of religion. *See Holt v. Hobbs*, 574 U.S. 352, 357 (2015). However, the Supreme Court of the United States held that RFRA's attempt to regulate states and their subdivisions was unconstitutional. *See id*. And Congress's subsequent legislation to provide greater statutory protections for religious exercise against state regulation is focused on land use and institutionalized persons. *See* Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. As a result, *Smith* still controls the analysis of Hicks's claim here.

Even if we assume, for argument's sake, that Hicks's beliefs are sincere and that his practice is a covered religion for constitutional purposes, we find Hicks is due no relief. *See Wisconsin v. Yoder*, 406 U.S. 205, 215-16, 220 (1972).

Prior to 1990, the government was required to justify the imposition of a substantial burden on a religious practice with a compelling state interest. *See id*. at 214. However, in 1990, the United States Supreme Court retreated from that test when it held in *Smith* that the First Amendment does not prohibit governments from burdening religious practices through neutral, generally applicable laws. *Smith*, at 885. The Supreme Court concluded "the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." *Id.* at 879 (citation and internal quotation marks omitted).

The statute at issue is a facially neutral criminal law with general applicability, prescribing the possession of a small amount of marijuana for personal use by anyone. *See* 35 P.S. §780-113(a)(31)(i). Nor does the law provide for a discretionary system of individual exemptions. *See Fulton v. City of Philadelphia*, 141 S.Ct. 1868, 1878 (2021) (finding law burdening religious exercise to not be generally applicable where it provided for "a system of individual exemptions, made available … at the sole discretion of the Commissioner." (internal quotation marks omitted)). Accordingly, the Free

Exercise Clause of the First Amendment, and its counterpart under Pennsylvania law, does not afford Hicks an exemption from this law, even if we assume it has the incidental effect of burdening his religious practice.[3]

Having reviewed the issues raised in counsel's ***Anders*** brief, and after conducting our own independent review of the record, we agree with counsel that the within appeal is wholly frivolous.[4] As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

*Joseph D. Seletyn, Esq.*
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2023

_____

[3] Notably, along with arguing that he used the marijuana for religious purposes, Hicks additionally admitted that he used marijuana for medical and healing purposes. Hicks has provided no support for why this additional purpose would be exempt from coverage under 35 P.S. §780-113(a)(31)(i) and we know of none. It is clear Hicks was aware this purpose is not exempt on its own, as he had already applied for, but not yet received, a medical marijuana card for that exact purpose. Due to our disposition, we need not address this issue further.

[4] We note our independent review of the record did not reveal any additional non-frivolous issues for appeal.