J-S26031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANCINE VARNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANA VARNER | : | No. 43 MDA 2025 |

Appeal from the Order Entered January 3, 2025
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2025-CV-00059-AB

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED SEPTEMBER 02, 2025**

Francine Varner ("Francine") appeals pro se from the order entered by the Dauphin County Court of Common Pleas ("trial court") dismissing her petition filed pursuant to the protection from abuse ("PFA") Act[1] against her sister Shana Varner ("Shana").  We affirm.

On January 2, 2025, Francine filed a PFA petition against Shana on behalf of herself and her adult daughter, Crystal Varner ("Crystal").  Francine averred that on December 29, 2024, she and her adult son, Michael Robinson, entered the residence they shared with Shana to find that Shana had allegedly slapped Crystal, who has special needs, and Francine's other adult daughter, Shana Robinson.  Francine further stated that although Shana denied the

---

[1] 23 Pa.C.S. §§ 6101-6122.1.

assaults, she has violent tendencies toward Francine and Crystal when she is drunk.

On January 3, 2025, the trial court held a hearing on Francine's PFA petition and subsequently dismissed the petition without prejudice.[2] Francine filed a notice of appeal. Thereafter, the trial court issued a Pa.R.A.P. 1925(a) opinion finding that the court was unable to properly assess the evidence presented at the hearing or any potential appellate issues because Francine failed to request the transcript from the hearing. Trial Court Opinion, 3/10/2025, at 3. It did not order Francine to file a concise statement of matters complained of on appeal.

Francine raises three issues for our review:

1. Whether the trial court erred in dismissing the PFA petition without evaluating the admissible evidence and without making findings of fact as required under the PFA Act[?]

2. Whether the failure to ensure a full and complete record, including a transcript of the hearing, constitutes a due process violation under Pa.R.A.P. 1921 and 23 Pa.C.S. § 6102[?]

3. Whether the trial court erred in concluding that the appeal was moot due to a separate Agreed Final Protection Order entered in favor of [Shana][?]

Francine's Brief at 2 (unnumbered, issues reordered).

---

[2] Notably, Shana initiated her own PFA petition against Francine on December 30, 2024. The trial court entered a temporary PFA order finding Shana in immediate and present danger of abuse and evicted Francine and Crystal from Shana's residence. On January 8, 2025, the trial court issued a final protection order, entered by agreement without an admission, which included mutual no-contact provisions. Francine did not appeal from this order.

In an appeal from a PFA order, we review the trial court's ruling for an error of law or an abuse of discretion. **Kaur v. Singh**, 259 A.3d 505, 509 (Pa. Super. 2021).

We will address Francine's first two claims together. Francine argues that the trial court abused its discretion by ruling upon her PFA petition without considering videos of Shana's threats, prior police citations against Shana for harassment, and Crystal's testimony showing her cognitive limitations. Francine's Brief at 3 (unnumbered). Francine contends that the trial court failed to make any credibility determinations and summarily dismissed her petition. **Id.** Francine also asserts that the absence of the hearing transcript denied her due process. **Id.**

Before reaching the merits of these claims, we must address the incomplete record. It is well established that "an appellate court may consider only the facts which have been duly certified in the record on appeal." Pa.R.A.P. 1921, Note. Generally, "it is an appellant's burden to ensure that the certified record contains the documents reflecting the facts needed for review." **Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007).

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a) …. When the appellant or cross-appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it

the responsibility of the appellate courts to obtain the necessary transcripts.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc) (citations omitted); ***see also*** Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."). When an appellant "faults the trial court," and "suggests that there is some obligation to 'provide' a 'complete' record in the abstract, that obviously is not the case. Rather, the appellant has a duty to frame what is needed." ***Commonwealth v. Lesko***, 15 A.3d 345, 410 (Pa. 2011). "The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record." ***Id.***

Here, Francine failed to include any exhibits or the transcript of the proceeding in the certified record before this Court. ***See*** Trial Court Opinion, 3/10/2025, at 3.[3] While we will "liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." ***Wilkins v. Marsico***, 903 A.2d 1281, 1284-85 (Pa. Super. 2006). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a

---

[3] In fact, despite receiving the trial court's opinion in March 2025, which found waiver of her claims on appeal because of the absence of the transcript, Francine still has not procured the transcript of the hearing.

reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." *Id.* at 1285. Like the trial court, the absence of a complete record prevents this Court from engaging in the necessary review of the first two issues she raised on appeal. *See* Trial Court Opinion, 3/10/2025, at 3; *Smith v. Smith*, 637 A.2d 622, 623-24 (Pa. Super. 1993) (finding that the failure "to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) be examined"); *see also Commonwealth v. Stauffenberg*, 318 A.3d 399, 410 (Pa. Super. 2024) ("We see no indication in the certified record that [a]ppellant ordered the notes of testimony from his trial. Accordingly, since we cannot determine whether evidence was improperly admitted at [a]ppellant's trial and/or whether there was harmless error, [a]ppellant is not entitled to relief on this basis.").

We further reject Francine's claim the absence of the transcript denies her due process and somehow constitutes trial court error. Francine's Brief at 3 (unnumbered). Francine cites to *Preston* for the proposition that an "inadequate record frustrates appellate review," *id.*, without acknowledging that it is her responsibility to furnish a complete record. *Preston*, 904 A.2d at 7. As such, Francine's claim in this regard is without merit. Based on the foregoing, we conclude that Francine's failure to ensure a complete record before this Court impedes our review of the first two claims raised and that they are therefore waived on that basis.

In her final claim, Francine argues that the trial court's suggestion in its opinion that her appeal is moot is misplaced. Francine's Brief at 3 (unnumbered). Francine is referring to the trial court's statement that this Court "should consider any issue raised on appeal by Francine as waived, moot, and/or without any merit." Trial Court Opinion, 3/10/2025, at 3. Because we conclude that the trial court correctly found that Francine waived the substantive issues raised on appeal, we need not address the trial court's alternative statement that her claims are also moot.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/02/2025